United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO ORTEGA, | Case No.: C 13-6016 JSC (PR) |
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |
| v. | |
| OFFICER MATTOCKS, et al., | |
| Defendants. | |

**INTRODUCTION**

Plaintiff, an inmate at the Santa Clara County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against officers of the San Jose Police Department, attorneys for the Santa Clara County Public Defender's Office, a private defense attorney, and investigators for the Santa Clara County District Attorney's Office.[1]  His application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained below, the complaint is ordered served upon the police officer defendants, and the remaining claims are dismissed for failure to state cognizable grounds for relief.

---

[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. 1).

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

//

**LEGAL CLAIMS**

1. <u>Claims Against Police Officers</u>

Plaintiff alleges that Officer Mattocks of the San Jose Police Department used excessive force against him during the course of his arrest on March 22, 2007. He alleges further that San Jose Police Department Officers Benitez, Scherry, and Ubarre, as well as Sergeant Hunt, all filed false reports to conceal the excessive force used by Mattocks. When liberally construed, these allegations state cognizable claims against Defendants Mattocks, Benitez, Scherry, Ubarre, and Hunt for the violation of his Fourth Amendment rights.

2. <u>Claims Against Public Defenders and Private Defense Attorney</u>

Plaintiff claims that attorneys from the Public Defender's Office and a private attorney committed "malpractice" by failing to adequately defend him against criminal charges. Claims for legal malpractice generally do not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Moreover, a public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). Attorneys in private practice are not state actors, and legal services performed by them do not constitute action under color of state law. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Franklin*, 662 F.2d at 1345 (9th Cir. 1981). Plaintiff's allegations that his appointed and private defense provided ineffective assistance at his criminal proceedings, including failing make effective motions, discover and present exculpatory evidence, defend against the prosecution's motions, and object to court rulings, even if true, do not constitute state action. As a result, these allegations do not state cognizable claims under Section 1983. [2]

3. <u>Claims Against Investigators for the District Attorney</u>

---

[2] This conclusion does not bear on the viability of such claims in state court or in a habeas petition challenging the validity of his conviction.

3

1  Plaintiff seeks damages against two investigators for the Santa Clara County District
2 Attorney's Office.  He contends Defendants John Karcht and Frank Domingez failed to
3 preserve evidence that would have led to the dismissal of the criminal proceedings against
4 him.   To recover damages for harm caused by actions whose unlawfulness would render a
5 conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or
6 sentence has been reversed on direct appeal, expunged by executive order, declared invalid by
7 a state tribunal authorized to make such determination, or called into question by a federal
8 court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).
9 A claim for damages bearing that relationship to a conviction or sentence that has not been so
10 invalidated is not cognizable under Section 1983.  *Id*. at 487.  When a state prisoner seeks
11 damages in a Section 1983 suit, the district court must therefore consider whether a judgment
12 in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if
13 it would, the complaint must be dismissed unless the plaintiff can demonstrate that the
14 conviction or sentence has already been invalidated.  *Id*.  Plaintiff's claims, if proven true,
15 would necessarily imply that this criminal conviction is invalid.  As a result, these claims are
16 barred by *Heck* until Plaintiff's conviction has been invalidated.

17  Plaintiff also alleges that he sent these investigators evidence of his mistreatment in the
18 county jail, and that they failed to send it to the District Attorney to prosecute jail officials.
19 The alleged mistreatment is the subject of a variety of other civil rights lawsuits Plaintiff has
20 brought against such officials.  Plaintiff has identified no constitutional right or other federal
21 law, nor is the Court aware of any, that requires a prosecutor's office to preserve evidence of
22 alleged wrongdoings by individuals or to use such evidence to prosecute such individuals.
23 Indeed, prosecutors are entitled to absolute immunity for the decision not to prosecute.  *See*
24 *Botello v. Gammick*, 413 F.3d 971, 977 (9th Cir. 2005).  While plaintiff believes jail officials
25 violated his rights and should be prosecuted, he does not have any constitutional or other
26 federal right to have that happen, or to have prosecutorial officials preserve "evidence" he
27 sends them about the officials' alleged wrongdoings.

4

**CONCLUSION**

1. The claims against Sonia M. Smith, Jim Glesome, Jessica Delgado, Jennifer Hultgren, Annrae M. Angel, John Karcht, and Frank Domingez are DISMISSED.

2. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, copies of the complaint with attachments and copies of this order on Officer Mattocks (Badge # 3861), Officer Benitez (Badge # 3828), Officer Scherry (Badge # 3822), Officer Ubarre (Badge # 3830), and Sergeant Hunt (Badge # 2975) at the San Jose Police Department.

3. Defendants shall complete and file the Magistrate Judge jurisdiction consent form within **91 days** of the date this order is filed. If all Defendants consent to a Magistrate Judge's jurisdiction, then:

   a. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

   b. No later than **91** days from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   c. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

d. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

e. Defendants **shall** file a reply memorandum, if any, no later than **14** days after the opposition is filed.

f. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 4, 2014

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.