United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO ORTEGA, | Case No. 13-cv-06016-JSC (PR) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS; SCHEDULING BRIEFING** |
| MATTOCKS, et al., | |
| Defendants. | (Dkt. No. 16) |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against officers of the San Jose Police Department, attorneys for the Santa Clara County Public Defender's Office, a private defense attorney, and investigators for the Santa Clara County District Attorney's Office. [1] The Court found Plaintiff's claims that the police officer defendants (Officer Mattocks, Officer Benitez, Officer Scherry, Officer Ubarre and Sergeant Hunt) used excessive force and filed false reports to be cognizable, and dismissed the remaining claims for failure to state cognizable ground for relief. The police officer defendants were served by the United States Marshal and have filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the claims are untimely. Plaintiff then filed a motion for default judgment in which he also opposes the motion to dismiss. The Clerk of Court

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 1, 15.)

declined the default judgment, and Defendants thereafter filed a reply brief.  For the reasons discussed below, the motion to dismiss is DENIED.

## BACKGROUND

Plaintiff alleges that San Jose police officers arrested him on March 22, 2007 after he got into a fight with another man.  Plaintiff further alleges that he suffers from mental illness, was not taking his medication, and was homeless at the time.  According to Plaintiff, he did not resist the arrest, but Officer Mattocks tasered him and then struck him in the back while arresting him.  Plaintiff alleges that the other officer defendants subsequently filed false reports about Mattocks's use of force and the surrounding circumstances.

## DISCUSSION

A.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must limit its review to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested, *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  In addition, the court may take judicial notice of facts that are not subject to reasonable dispute.  *Id.*  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The Court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Id.*

Pro se pleadings must be construed liberally on a defendant's motion to dismiss for failure to state a claim.  *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

B.   <u>Analysis</u>

Defendants argue that Plaintiff's complaint should be dismissed as untimely.  The statute of limitations for a claim under 42 U.S.C. § 1983 is two years.  *See Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014).  The complaint was filed more than six years after the arrest and surrounding events that took place in 2007.  Absent tolling, the complaint is untimely.

Plaintiff argues that the statute of limitations is tolled while the charges arising out of his arrest were pending, or until October 2013. Section 945.3 of the California Government Code provides:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a justice, municipal or superior court.
>
> *Any applicable statute of limitations for filing and prosecuting these*

United States District Court
Northern District of California

*actions shall be tolled during the period that the charges are
pending before a municipal or superior court.*

The first paragraph of Section 945.3 is not applicable to Section 1983 claims brought in federal court, but the tolling provision in the highlighted second paragraph does apply.  *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir. 1989).  The tolling provision operates only so long as the criminal charges are "pending," which means until the date of judgment and conviction.  *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).  In their reply brief, Defendants do not dispute the applicability of this tolling provision or Plaintiff's contention that his charges were pending until October 2013.  Rather, they argue that this contention cannot be considered at this stage because the date of his conviction and judgment appears neither in the complaint nor in any court documents submitted by Plaintiff for judicial notice.  Defendants therefore insist that Plaintiff should either be required to amend his complaint or the timeliness issue should be briefed at the summary judgment stage, when evidence extrinsic to the complaint has been considered.  Neither of these courses is required, however, because Defendants have submitted state court records showing that the charges stemming from the March 22, 2007 arrest were pending at least until July 30 2013, when Plaintiff entered a nolo contendere plea.  (Dkt. No. 23, Defs. Req. for Jud. Not., Ex. A.)[2]  This tolls the statute of limitations under Section 945.3 until at least July 30 2013, rendering the instant complaint, filed on December 31, 2013, timely.  Accordingly, the motion to dismiss will be denied.

Plaintiff's arguments for default judgment are without merit, as the parties have properly appeared following service by the United States Marshal.

---

[2]This fact is judicially noticeable and may be considered in deciding the motion to dismiss.  *See* Fed. R. Evid. 201(b); *Lee*, 250 F.3d **Error! Main Document Only.**at 688.  Defendants submitted the state court records in a Request for Judicial Notice in support of their recent motion for summary judgment, which has not yet been fully briefed.  (Dkt. Nos. 20, 23.)  Defendants do not pursue the timeliness argument in their summary judgment motion.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 16) is DENIED.

Plaintiff is granted additional time to oppose the motion for summary judgment because the pending motion to dismiss may have confused him about the deadline for his opposition. Plaintiff's opposition to the motion for summary judgment, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date this order is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

Defendants **shall** file a reply brief no later than **14** days after the opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  June 20, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

5

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.